# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-0072** (Randolph County 20-F-45)

**Dylan R.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Dylan R. appeals the Circuit Court of Randolph County's January 3, 2022, order sentencing him to not less than two nor more than ten years of incarceration and ordering that he be placed on extended supervision for fifty years following his conviction for committing child abuse resulting in serious bodily injury in violation of West Virginia Code § 61-8D-3(b).[1] In his lone assignment of error, petitioner contends that this period of extended supervision is "unconstitutional as a disparate and excessive penalty." Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

At his trial, petitioner testified that his child, S.R., would not stop crying, so he

> grabbed her and I yelled at her for her to stop crying. And she wouldn't. And it just—it's like my head exploded. And I started shaking her and she still, um—I shook her repeatedly really hard and she still wouldn't quit crying. And I turned to the back seat and I threw her multiple times really hard down in the car seat. And—and at that point she quit breathing.

Petitioner took S.R.—who was only two months old at the time—to the home of a friend who, in her testimony at petitioner's trial, described the child as "limp" and "really all but dead." The friend called 9-1-1, and S.R. was transported via helicopter to a hospital in Morgantown, West Virginia. S.R.'s treating pediatric intensive care physician testified that S.R. had "significant bleeding inside of her skull, on top of, and in her brain." Also, the child's "soft spot in the front of

---

[1] Petitioner appears by counsel Steven B. Nanners and James E. Hawkins Jr., and the State appears by Attorney General Patrick Morrisey and Assistant Attorney General Andrea Nease Proper. We note that initials are used where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

her head was bulging and swollen out," which meant that there was "increased pressure inside of her skull." The physician characterized the brain injury as life-threatening, and the child required surgery by a pediatric neurosurgeon to drain the blood that was putting pressure on her brain. The surgeon also placed a shunt between S.R.'s skull and brain to divert any excess blood or fluid and prevent the re-accumulation of pressure. Following its consideration of this and other evidence, the jury found petitioner guilty of child abuse resulting in serious bodily injury.

Following petitioner's conviction, the circuit court at sentencing imposed a fifty-year term of extended supervision under West Virginia Code § 62-12-26.[2] Although petitioner acknowledges that the court was required to impose a period of extended supervision, he asserts that the term is unconstitutional as "disparate and excessive" and that it "shock[s] the cons[cience]." *See id.* § 62-12-26(a) (mandating the imposition of "a period of supervised release of up to 50 years" for a defendant "convicted . . . of . . . a felony violation of the provisions of," among other statutes, "§ 61-8D-1 *et seq.* of this code"). In support, he argues that the extended supervision statute "was primarily designed to deal with sex offenders," notes that his criminal history involves convictions for only a few non-violent misdemeanors, and highlights his testimony at trial that he was abused as a child and that his mental health issues remain untreated due to the unaffordability of his medication.[3]

Unless a sentence "violates statutory or constitutional commands," we review a court's imposition of a sentence for an abuse of discretion. Syl. Pt. 1, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). But "[s]entences imposed by the trial court, if within statutory limits and if not based on some impermissible factor, are not subject to appellate review." Syl. Pt. 3, *State v. Tyler*, 211 W. Va. 246, 565 S.E.2d 368 (2002) (quoting Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982)). Indeed, we have held that "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). Because the extended supervision statute has a fixed maximum, and because we are not here considering a life recidivist sentence, petitioner's extended supervision sentence is not reviewable. *See State v. Jeffrey S.*, No. 15-1222, 2016 WL 6678992, *3 (W. Va. Nov. 14, 2016)(memorandum decision) (finding that petitioner's extended supervision sentence was not reviewable as it was "imposed within the statutory guidelines" and, therefore, not unconstitutionally disproportionate); *State v. Pifer*, No. 12-1544, 2013 WL 5708442, *2 (W. Va. Oct. 21, 2013)(memorandum decision) (finding that the defendant's twenty-five-year term of extended supervision was "within the confines of West Virginia Code § 62-12-26 and, therefore, . . . not subject to appellate review").[4]

---

[2] The court also sentenced petitioner to not less than two no more than ten years of incarceration, assessed a fine, and ordered petitioner to register on the central abuse registry. Petitioner takes no issue with these portions of his sentence.

[3] Petitioner, instead, "self-medicat[ed]" with "pain pills" and methamphetamine.

[4] We note further that petitioner has not explained why a proportionality analysis should be undertaken here in spite of our pronouncements in Syllabus Point 3 of *Tyler* and Syllabus Point

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

4 of *Wanstreet*, nor has he distinguished his case from those where this Court has refused to undertake such an analysis, such as *Jeffrey S.* and *Pifer*.